IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARTIN MAYORGA,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV901DAK |

   This matter is before the court on Petitioner Martin Mayorga's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed September 27, 2011.  On that same day, Petitioner also filed a Motion for Leave to Amend Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof and Declaration.  Petitioner seeks an additional 45 days to file an amended motion, stating that he filed the initial motion to comply with the statute of limitations and he needs additional time to present his arguments in full.  The court denies Petitioner's motion for leave to amend because his initial motion is barred by the statute of limitations and granting leave would be futile.

   On December 15, 2009, Defendant entered a guilty plea and signed a State in Advance of Plea ("Plea Agreement").  On March 10, 2010, this court sentenced Petitioner to 60 months imprisonment.  On March 17, 2010, a Judgment in a Criminal Case was entered.  Petitioner now attacks his sentence on several grounds, including ineffective assistance of counsel.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The Judgment in Petitioner's underlying criminal case was entered on March 17, 2010.  Petitioner had thirty days to file an appeal, which he chose not to do.  Therefore, the Judgment became final on April 17, 2010, and the one-year statute of limitations began to run.  Accordingly, the statute of limitations ran on April 17, 2010.  Petitioner's § 2255 petition, filed September 27, 2011, is, therefore, time barred.

Even if this court were to consider Petitioner's petition on its merits, the petition fails.  Petitioner agreed in his Plea Agreement that he was "knowingly, voluntarily and expressly

waiv[ing] my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183.

To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). There is no support in the record for finding that petitioner's counsel was ineffective or that petitioner was prejudiced at any stage of the proceedings. Petitioner states that his counsel was ineffective because he wanted to appeal and his counsel told him that he could not. His counsel was correct. In Petitioner's Plea Agreement, Petitioner waived all rights to appeal except for his right to appeal a sentence in violation of Rule 11(c)(1)(C).[1] In the Plea

---

[1] In exchange for Petitioner's waiver of appeal rights, the government agreed to dismiss the remaining counts against Petitioner, dismiss all counts in another pending case against Petitioner, and not indict Petitioner for any other controlled substance offenses of which the government was aware of at that time.

Agreement, Petitioner agreed to a 60-month sentence. The court imposed a 60-month sentence. Therefore, there was no basis for appeal. Petitioner also states that his counsel was ineffective because he did not present mitigating circumstances for a downward departure. Petitioner, however, entered in a Rule 11(c)(1)(C) plea agreement in which the sentence was agreed upon. Counsel could not seek a downward departure inconsistent with the agreed upon sentence. Petitioner's counsel negotiated a favorable deal that resulted in the dismissal of many other charges. Petitioner asserts ineffective assistance of counsel on other grounds, but such grounds do not fall within the exception to the waiver rule. Based on the court's review of the record, there is no basis in this case for finding ineffective assistance of counsel with respect to entering the plea or negotiating the agreement.

For the above reasons, Petitioner's Petition under 28 U.S.C. § 2555 is DENIED and DISMISSED WITH PREJUDICE because it is barred by the statute of limitations and lacks merit. Petitioner's Motion for Leave to Amend is DENIED as futile because the initial filing is barred by the statute of limitations.

DATED this 29th day of September, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge